## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE A. KLINGENSMITH, individually and on behalf of all others similarly situated. | ) ) ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| OILILY RETAIL USA d/b/a OILILY, and DOES 1 through 10. inclusive. | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No.

CLASS ACTION

**JURY TRIAL DEMANDED**

**Electronically Filed**

### CLASS ACTION COMPLAINT

Comes now Melanie A. Klingensmith, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2.      A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.      The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although Defendants (defined below) had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.      Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§1681 *et seq.*

5.      Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq.*

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7.      Plaintiff's claims asserted herein arose in this judicial district and Defendants do business in this judicial district.

8.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

9.      Plaintiff, Melanie A. Klingensmith, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Lawrence.

2

10.    Defendant Oilily Retail USA d/b/a Oilily is a company headquartered at 103 Forest Avenue, River Forest, Illinois 60305. "Defendant" means Oilily Retail USA d/b/a Oilily and defendants Does 1 through 10. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

11.    Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

12.    Plaintiff is informed and believes and thereon alleges that all relevant times each defendant was the franchisor, franchisee, principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## INDUSTRY KNOWLEDGE REGARDING THE
## TRUNCATION OF EXPIRATION DATES

13.    In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

14.    On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with

Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's

new account truncation program to protect consumers from identity theft. At the press

conference, Mr. Pascarella stated:

> "Today, I am proud to announce an additional measure to combat
> identity theft and protect consumers. Our new receipt truncation
> policy will soon limit cardholder information on receipts to the last
> four digits of their accounts. ***The card's expiration date will be
> eliminated from receipts altogether*** . . . .
>
> "The first phase of this new policy goes into effect July 1, 2003 for all
> new terminals. I would like to add, however, that even before this policy
> goes into effect, many merchants have already voluntarily begun
> truncating receipts, thanks to the groundwork that we began together
> several years ago.
>
> *    *    *    *
>
> "Visa USA is pleased to be working with Senator Feinstein, and the other
> senators here today in the fight to protect consumers from identity theft.
> After all, we share the same goals."

On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of

Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the

truncation requirements of what ultimately became FACTA. Therein, Mr. Fischer stated:

> "Although Visa generally believes that the details of preventing identity
> theft should be left to financial institutions that are best suited to address
> ever evolving fraud techniques, Title II could provide important benefits
> to consumers and financial institutions alike by establishing workable
> identity theft provisions and ensuring that these provisions benefit from
> national uniformity. For example, Section 203 of Title II would prohibit
> any merchant or other entity that accepts credit and debit cards from
> printing more than the last four digits of the card account number ***or the
> expiration date*** upon receipts provided to cardholders at the point of sale
> . . . ."

15.    Visa USA's agreements with the American merchants which accept Visa

brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants,

Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa

Merchant Rules Manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

> "Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.
>
> After July 1, 2006, *the expiration date should not appear at all.* Existing POS terminals must comply with these requirements by July 1, 2006 . . . . "

16.     The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

17.     The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible, *inter alia*, for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution. The February 2006 Edition of the Handbook states, in relevant part:

### Truncation of Credit and Debit Card Account Numbers

> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number *and do not contain the expiration dates.*

18.     FACTA's requirement that merchants truncate credit and debit card expiration dates was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

19.     Many restaurant and retail trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

20.    In May, 2007 the Federal Trade Commission issued a business alert entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." That alert stated in relevant part:

> "According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

## DEFENDANTS' KNOWLEDGE OF FACTA'S
## TRUNCATION REQUIREMENTS

21.    Defendant had actual knowledge of Visa's truncation requirements, specifically including the requirement that credit and debit card expiration dates be truncated on receipts presented to consumers at the point of sale. Defendant had a contractual obligation to adhere to these truncation requirements.

22.    Defendant had actual knowledge of FACTA's truncation requirements, specifically including the requirement that credit and debit card expiration dates be truncated on receipts presented to consumers at the point of sale and was provided with notice of these obligations by trade associations and others.

## THE IMPORTANCE OF TRUNCATING EXPIRATION DATES

23.    Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of *only* the last four or five digits of a customer account number significantly limits the extent to which a potential identity

thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

24.    However, the publication of expiration dates on customer receipts disseminated at the point of sale, *in addition to* the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

25.    Contrary to popular perception, credit and debit card account numbers are not randomly generated. Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following: (a) a single digit Major Industry Identifier("MII"); (b) an issuer identification number ("IIN"); (c) an account number; and, (d) a check digit.

26.    The MII identifies the industry of the issuer of the card.

27.    The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

28.    The account number consists of the seventh through next to last digit, and must be a maximum of 12 digits.

29.    The last digit is a "check digit" that is not randomly assigned, but instead is calculated by a defined algorithm. Therefore, the "check digit" is derivative of the other numbers in the credit card number.

30.    Astute identity thieves are familiar with this coding paradigm and can use sophisticated mathematical modeling to decipher account numbers.

31.    To the extent that an identity thief is able to decipher a credit or debit card user's

7

account number, the importance of truncating expiration dates becomes manifest. That is, unlike the account number on the credit or debit card, the expiration date cannot be deciphered through sophisticated mathematical modeling. Therefore, the expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized user of the card.

32.    The expiration dates are also used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

33.    Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

34.    In addition, a would be identity thief who steals a receipt containing the last four or five digits of a credit card account number *and* an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

35.    The costs of truncating credit and/or expiration dates and account numbers is *de minimis*.

## CLASS ALLEGATIONS

36.    Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

37.    Plaintiff seeks to represent a class persons to be defined as follows:

> With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005: all persons to whom Defendants provided an

electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendants printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number; and/or

With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005: all persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendants printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

38.    Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

39.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

40.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

41.    Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website

notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

42.    Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

43.    Plaintiff and members of the class were each customers of Defendants, each having made a purchase or transacted other business with Defendants at an applicable time using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of the class, Defendants provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. §1681c(g).

44.    Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

45.    The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a.    Whether Defendants' conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereon Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;

    b.    Whether Defendants' conduct was willful;

    c.    Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct;

46.    <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

47.    <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

48.    **Disavowal of Unconstitutional Damages**.  To the extent that any award of class-based statutory damages against Defendants might be adjudicated as violating Defendants' Due Process Rights under the United States Constitution, Plaintiff, on behalf of the putative class she

is seeking to represent, expressly requests damages **only** to the fullest extent allowed under the Constitution of the United States.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. §§1681 *et seq.*

### (On Behalf of Plaintiff and the Members of the Class)

49.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

50.    Plaintiff asserts this claim on behalf of herself and the class against Defendants.

51.    Title 15 U.S.C. §1681c(g)(1) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

52.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

53.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

54.    Defendants transact business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class.  In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

55.    On September 1, 2007, after the effective date of the statute, Defendant, at its

12

location at 160 North Gulph Road, King of Prussia, Pennsylvania 19406, provided Plaintiff with an electronically printed receipt on which Defendant printed the expiration date of Plaintiff's credit or debit card.

56.     Defendants, at the point of a sale or transaction with members of the class, provided, either: a) through use of a machine that was first put into use on or after January 1, 2005, at any time after such date; or b) through any machine at any time after December 4, 2006, each member of the class with one or more electronically printed receipts on each of which Defendants printed, for each respective class member, more than the last five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

57.     As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

58.     Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

59.     Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendants willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of the class - persons with whom Defendants transact business.

60.     Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

61.     In contrast, Defendants willfully disregarded FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation of FACTA.

62.     Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

63.     As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation.  15 U.S.C. §1681n(a)(1)(A).

64.     As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable attorneys' fees.  15 U.S.C. §1681n(a)(3).

65.     As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages.  15 U.S.C. §1681n(a)(2).


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.     An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b.    An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

c.    An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. §1681n(a)(2)(up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d.    Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

e.    Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

f.    For other and further relief as the Court may deem proper.

Dated: October 15, 2007

Respectfully Submitted,

Gary F. Lynch
PA56887
glynch@carlsonlynch.com
CARLSON LYNCH LTD.
PO Box 7635
36 North Jefferson Street
New Castle, PA 16107
(724) 656-1555
(724) 656-1556(f)

15

JS 44 (Rev. 11 04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Melanie Klingensmith, individually and on behalf of all others similarly situated

**DEFENDANTS**

Oilily Retail USA, d/b/a Oilily., and DOES 1 through 10, inclusive

(b) County of Residence of First Listed Plaintiff ___Lawrence___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary F. Lynch, Carlson Lynch Ltd, 36 N. Jefferson Street, PO Box 7635, New Castle, PA 16107 724-656-1555

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

x 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | x 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health |  | 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities ☐ 540 Mandamus & Other | |  | Under Equal Access |
|  | Employment ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

x 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1681(g)

Brief description of cause:
Willful failure to truncate credit card information in violation of the Fair and Accurate Transaction Act.

## VII. REQUESTED IN
COMPLAINT:

x CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
October 15, 2007

SIGNATURE OF ATTORNEY OF RECORD
s Gary F. Lynch

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Lawrence County, Pennsylvania

Address of Defendant: 103 Forest Avenue, River Forest, IL 60305

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐    NoX

Does this case involve multidistrict litigation possibilities?                    YesX    No
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                        Yes☐    NoX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
   action in this court?                                               Yes☐    NoX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
   terminated action in this court?                                    Yes☐    NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A.  Federal Question Cases:
 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
 2. ☐ FELA
 3. ☐ Jones Act-Personal Injury
 4. ☐ Antitrust
 5. ☐ Patent
 6. ☐ Labor-Management Relations
 7. ☐ Civil Rights
 8. ☐ Habeas Corpus
 9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
      (Please specify)

B.  Diversity Jurisdiction Cases:
 1. ☐ Insurance Contract and Other Contracts
 2. ☐ Airplane Personal Injury
 3. ☐ Assault, Defamation
 4. ☐ Marine Personal Injury
 5. ☐ Motor Vehicle Personal Injury
 6. ☐ Other Personal Injury (Please specify)
 7. ☐ Products Liability
 8. ☐ Products Liability — Asbestos
 9. ☐ All other Diversity Cases
      (Please specify)

ARBITRATION CERTIFICATION

(Check appropriate Category)

I, _____ Gary F. Lynch _____, counsel of record do hereby certify:

    X Pursuant to Local Civil Rule 53.2. Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

    ☐   Relief other than monetary damages is sought.

**DATE:** __October 15, 2007_____    ___**Gary F. Lynch**___    __56887_____

                                                 Attorney-at-Law             Attorney I.D.#

        **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** __October 15, 2007_____    ___**Gary F. Lynch**___    __56887_____

                                                   Attorney-at-Law             Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Melanie A. Klingensmith, et al | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Oilily Retail USA | : | NO. |
| d/b/a/ Oilily, et al | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| **October, 15, 2007** | **Gary F. Lynch** | **Plaintiff** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (724) 656-1555 | (724) 656-1556 | glynch@carlsonlynch.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

O7-4321-File

In re Oilily FACTA Litigation                    MDL No._____

Copy Re **MOTION TO CENTRALIZE FOR COORDINATED OR CONSOLIDATED**
**PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

     1.     For the reasons set forth in the accompanying memorandum, plaintiff Melanie A.

Klingensmith respectfully moves the Panel to transfer the action styled, *Klingensmith v. Oilily*

*Retail USA d/b/a Oilily*, No. 2:07-04321 (E.D. Pa.) (the "Pennsylvania Action"), to the Northern

District of California for coordination or consolidation with *McCoy v. Oilily B.V.*, No. 3:07-

04780 (N.D. Ca.) (the "California Action"). *See* attached Schedule of Actions pursuant to 28

U.S.C. §1407.

     2.     Both pending actions involve the same defendant (Oilily) and contain a cause of

action for violation of the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et seq.

("FACTA").

3.   Each lawsuit is premised on allegations that defendant violated federal law by printing more than the last five digits of the card number and/or the expiration date of receipts provided to credit card and debit card cardholders transacting business with defendant.

4.   Given the similarities of the allegations, these two cases satisfy the statutory requirements for transfer and coordination or consolidation under 28 U.S.C. §1407.

5.   For the reasons set forth above and in the accompanying memorandum, the Panel should transfer the Pennsylvania Action for coordination or consolidation with the California Action before United States District Court for the Northern District of California, pursuant to 28 U.S.C. §1407.

Dated: January 21, 2008

Respectfully submitted,

Gary F. Lynch
PA I.D. 56887
glynch@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(P) (724) 656-1555
(F) (724) 656-1556

**Counsel for Plaintiff Melanie Klingensmith**

2

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Oilily FACTA Litigation          MDL No._____

**BRIEF IN SUPPORT OF MOTION TO CENTRALIZE FOR
COORDINATED OR CONSOLIDATED PRETRIAL
PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

By her motion, Melanie A. Klingensmith ("Movant"), plaintiff in the action *Klingensmith
v. Oilily Retail USA d/b/a Oilily*, No. 2:07-04321 (E.D. Pa.) (the "Pennsylvania Action"), seeks

the transfer of the Pennsylvania Action to the Northern District of California for centralization

and pretrial coordination or consolidation with the action styled, *McCoy v. Oilily B.V.*, No. 3:07-

04780 (N.D. Ca.) (the "California Action"), pursuant to 28 U.S.C. § 1407.  Each of these two

class action lawsuits involves the same defendant and each lawsuit is premised on allegations

that defendant violated the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681 et seq.

("FACTA") by printing more than the last five digits of the card number and/or the expiration

date of receipts provided to credit card and debit card cardholders transacting business with

1

defendant. Both actions seek certification of a national class of consumers who received receipts that did not comply with FACTA's requirements. Given the similarities in the allegations in these lawsuits, these cases satisfy the statutory requirements for transfer and coordination. Each case "involve[s] one or more common questions of fact" and centralization of the cases will further "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex actions. 28 U.S.C. §1407.

Movant respectfully proposes that the Panel transfer the Pennsylvania Action for MDL treatment to the United States District Court for the Northern District of California.

## II.    BACKGROUND

On or about September 17, 2007, Plaintiff Elizabeth McCoy commenced the California Action against Oilily B.V. ("Oilily") in the United States District Court for the Northern District of California - San Francisco Division - on behalf of a national class of debit and credit cardholders who transacted business with defendant and who received receipts from Oilily that violated FACTA. *See* Exhibit 1 (California Action Complaint and docket report). The California Action has been assigned to the Honorable Susan Illston. Oilily answered the Complaint on November 21, 2007. On or about January 15, 2008, the Court held an Initial Case Management Conference. At that conference, the case was continued until April 18, 2008 for Further Case Management Conference. In addition, the parties were ordered to conduct very limited discovery pending the Ninth Circuit's ruling on *Soualian v. International Coffee & Tea, LLC.*

2

On or about October 16, 2007, Plaintiff Melanie A. Klingensmith filed the Pennsylvania Action against Oilily Retail USA d/b/a Oilily ("Oilily") in the U.S. District Court for the Eastern District of Pennsylvania - Philadelphia Division - also, on behalf of a national class. *See* Exhibit 2 (Pennsylvania Action Complaint and docket report). The Pennsylvania Action has been assigned to the Honorable John P. Fullam. Discovery has not commenced in the Pennsylvania Action.

These cases are well suited for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. As discussed below, they present similar allegations and require resolution of parallel issues, including whether defendants failed to comply with federal statutory law, whether defendant participated in and pursued a common course of conduct and unlawful scheme, the nature of injunctive and equitable relief to which the Class may be entitled under the facts, and whether class certification is appropriate.

## III.   ARGUMENT

### A.   These Action Are Appropriate For Transfer And Pretrial Coordination Under 28 U.S.C. §1407

Title 28, section 1407(a) of the United States Code provides, "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. §1407(a). The Panel "shall" make such transfers when in furtherance of "the convenience of the parties and witnesses" and when transfer "will promote the just and efficient conduct of such actions." *Id.* As explained below, the Pennsylvania Action and the California Action meet

3

these criteria.

**B.**    **These Actions Involve One Or More Common Questions Of Fact**

The Pennsylvania Action and California Action meet the first requirement of section 1407(a) in that they involve one or more common questions of fact. The Panel has held that common questions of fact exist where "two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974).

Each of the complaints filed in the two actions asserts a claim that the defendant violated federal law by printing more than the last five digits of the card number and/or the expiration date of receipts provided to credit and debit cardholders transacting business with defendant. As such, the factual issues plainly overlap.

Moreover, the two actions seek certification of overlapping classes. The fact that multiple cases present conflicting class representation claims militates in favor of consolidating the cases for pretrial proceedings because "[t]ransfer will eliminate any possibility of inconsistent determinations of the class action questions involved in th[e] litigation." *Id.* (citing *In re Plumbing Fixtures Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968)).

Therefore, the Pennsylvania Action and the California Action should be centralized for coordination and consolidation due to the common questions of law and fact involved.

**C.**    **Coordination Or Consolidation Of These Actions Will Serve The Convenience Of Parties And Witnesses**

Coordination or consolidation of these cases will also satisfy the second criterion under section 1407(a) by serving the "convenience of [the] parties and witnesses." Without

4

coordination or consolidation, discovery will likely be duplicative and witnesses will be deposed in each of the actions. Coordination or consolidation would solve the problem by enabling a single judge to formulate a pretrial program that would coordinate discovery, minimize witness inconvenience, and reduce expenses. *See In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (transfer "necessary in order to prevent duplication of discovery"); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

**D.    Coordination Or Consolidation Of These Actions Will Promote Just And Efficient Conduct Of The Actions**

Centralization or consolidation of the two pending cases will also promote the third criterion of section 1407(a) - the just and efficient conduct of the lawsuits - by preventing duplicative discovery and by facilitating consistent resolution of pretrial issues including class certification. *See e.g. In re Cross Florida Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L. 1971) (two actions consolidated in order to "eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation").[1]

These cases were filed in Federal Court around the same time and little, if any discovery has taken place in either case. Thus, the pretrial process can be efficiently coordinated from the start. Given the common allegations in the complaints, discovery will be duplicated absent

---

[1]  *See also Cooper Tire & Rubber Co.*, 2001 WL 253115 at *1 (cases centralized to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources); *St. Jude Med.*, 2001 U.S. Dist. LEXIS 5226, at *3 (same); *Am. Online*, 2000 U.S. Dist. LEXIS 13262, at *3-*4 (same); *Gen. Motors Corp.*, 1999 U.S. Dist. LEXIS 5075, at *2 (same); *Chrysler Corp. Vehicle Paint Litig.*, 1998 U.S. Dist. LEXIS 15675, at *2 (same).

coordination or consolidation of the actions.

Moreover, the various pretrial disputes likely to arise in these two cases will likely be the same (e.g., issues concerning the sufficiency of the pleadings and issues concerning the nature and scope of discovery and questions regarding privilege). *See In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (consolidation was necessary to "eliminate the possibility of conflicting pretrial rulings concerning… common factual issues"); *In re First Nat'l Bank, Heavener, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to… eliminate the possibility of inconsistent pretrial rulings"). Consolidation or coordination will also ensure that the parties to these lawsuits are not subject to inconsistent pretrial rulings regarding class certification. The Panel has "consistently held that transfer of actions under §1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975). *See also America Online*, 2000 U.S. Dist. LEXIS 13262, at *3-*4 (centralization necessary "in order to… prevent inconsistent pretrial rulings… with respect to overlapping class certification issues"); *In re Temporamandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (same).[2] Since the class allegations in these cases are very similar the arguments presented both for and against certification will presumably be the same. Thus, there will be a significant possibility of

---

[2]    *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Multidistrict Private Cicil Table Damage Litig. Including Plumbing Fixtures*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("[s]ection 1407 centralization is especially important to insure consistent treatment of the class action issues"); *In re Mutual Fund Sales Anti-Trust Litig.*, 361 F. Supp. 638, 639-640 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class determinations under [Fed. R.Civ.P. 23] is an important factor favoring transfer of all actions to a single district").

6

inconsistent rulings on class certification and other class action-related issues if these cases are not coordinated or consolidated, not to mention unnecessary duplication of effort by the parties and the courts. The potential for inconsistent class rulings amplifies the need to have a single judge oversee the class action issues. *See In re Cuisinart Food Processor*, 506 F. Supp. at 655.

Moreover, transfer here is appropriate, despite the fact that there are only two cases involved,[3] because any later-filed duplicative lawsuits could expediently be included as "tag-along" cases. *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions). In fact, the likelihood that other "tag-along" actions will be filed is high due to the fact that the defendant did business in several other states across the United States.

Finally, the complexity of the pending actions warrants transfer. The pending cases present complex factual and legal issues such that transfer and consolidation are particularly desirable. *See C. Wright & A. Miller*, FEDERAL PRACTICE & PROCEDURE §3863 ("In particular large complex multidistrict class actions, it has been argued that it is especially important to order pretrial consolidation; this will enable a single judge to restrict 'disjointed actions into what can be termed a 'super class action' [which] may be the only form in which the litigation can be handled by the judicial system.'") (citation omitted). These two cases involve allegations against a defendant who conducts business in many different states. Moreover, the

---

[3]   *See In re Clark Oil and Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973) (transfer of one case to district of another case necessary even though only two cases involved due to complexity of factual issues and presence of competing requests for class designation in order to avoid duplication of discovery and eliminate the possibility of conflicting pretrial rulings); *In re First Nat'l Bank*, 451 F. Supp. at 997 (transfer under §1407 necessary "even though only two actions are involved").

proposed classes in these two class actions involve potentially hundreds of thousands of

individuals.  Clearly, these cases involve complex factual and legal issues and the parties,

witnesses, and judicial system will benefit from having them, and the impending tag-along

actions, coordinated or consolidated to avoid duplicative discovery and motion practice.  *See In*

*re Cuisinart Food Processor*, 505 F. Supp. at 655 (holding that difficult issues surrounding class

certification warrant transfer).  Therefore, for the sake of judicial efficiency, it is important that

these actions be centralized and that pretrial processes be coordinated or consolidated.

  **E.**  **This Panel Should Transfer The Pennsylvania Action To**
     **The Northern District of California**

  Movant respectfully requests that the Panel transfer the Pennsylvania Action to the

Northern District of California to be coordinated or consolidated with the California Action.

MDL actions are commonly transferred to a forum where one or more cases is already pending.

*Dalkon Shield*, 406 F. Supp. at 542.  Thus, centralization in the Northern District of California is

appropriate because the California Action is currently pending in that district before Judge

Illston.

  The location of the first-filed case is often found to be the appropriate transferee forum.

*See In re Metoprolol Succinate Patent Litig.*, 329 F.Supp.2d 1368, 1370 (J.P.M.L. 2004)(noting

that the case pending in the chosen transferee forum was the first-filed); *see also In re Mattel,*

*Inc., Toy Lead Paint Products Liability Litigation*, --- F.Supp.2d ----, 2007 WL 4615776

(J.P.M.L. Dec. 18, 2007)(same); *In re Banc of America Inv. Services, Inc.*, 466 F.Supp.2d 1353,

1354 (J.P.M.L. 2006)(same).  Thus, the Northern District of California is the more appropriate

forum.

8

IV.    **Conclusion**

For all the foregoing reasons, the coordination or consolidation of these overlapping class actions would further "the convenience of [the] parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a).  Therefore, Movant respectfully requests the Panel enter an order transferring the Pennsylvania Action to the Northern District of California for coordinated or consolidated pretrial proceedings.

Dated: January 21, 2008                                        Respectfully submitted,

                                                               Gary F. Lynch
                                                               PA I.D. 56887
                                                               glynch@carlsonlynch.com
                                                               CARLSON LYNCH LTD
                                                               36 N. Jefferson Street
                                                               P.O. Box 7635
                                                               New Castle, PA 16107
                                                               (P) (724) 656-1555
                                                               (F) (724) 656-1556

                                                               **Counsel for Plaintiff Melanie
                                                               Klingensmith**

# **Exhibit 1**

1  Pierce Gore (State Bar No. 128515)
   GORE LAW FIRM
2  900 East Hamilton Avenue
   Suite 100
3  Campbell, CA 95008
   Telephone: (408) 879-7444
4  Facsimile: (408) 376-0757
   Email: *piercegore@gorelawfirm.com*

5  (Additional counsel listed on signature page)

6  *Attorneys for Plaintiff*

7

8                IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 ELIZABETH McCOY, individually and on        Case No.
   behalf of herself and all others similarly situated,
12                                              **CLASS ACTION COMPLAINT**
              Plaintiff,
13                                              **JURY TRIAL DEMANDED**
       v.
14
   OILILY B.V.; Does 1 through 10,
15
              Defendants.
16

17        Plaintiff, by and through her attorneys, brings this civil action for statutory damages and

18  costs of suit, on behalf of herself and all others similarly situated. Upon personal knowledge as to

19  her own acts and status, and upon information and belief as to all other matters, Plaintiff alleges

20  the following:

21                           **NATURE OF THE ACTION**

22        1.    This is a class action against Oilily B.V. pursuant to the Fair and Accurate

23  Credit Transactions Act, 15 U.S.C. §1681 *et seq.* ("FACTA"), which was enacted by Congress in

24  2003 to aid in the prevention of identity theft and credit/debit card fraud. Plaintiff, Elizabeth

25  McCoy, individually and on behalf of all others similarly situated, brings this action against Oilily

26  B.V. and Does 1-10 (collectively "Defendants") based on Defendants' practice of violating 15

27  U.S.C. §1681c(g), a provision of FACTA, which provides that "no person that accepts credit cards

28  or debit cards for the transaction of business shall print more than the last five digits of the card

1  number or the expiration date upon any receipt provided to the cardholder at the point of the sale

2  or transaction." (Emphasis added.) As used herein, the phrase "Prohibited Information" refers to

3  the information that 15 U.S.C. §1681c(g) prohibits from being printed on receipts - i.e., more than

4  the last five digits of the credit card or debit card number or the expiration date of the card.

5  Despite having had several years to bring themselves into compliance with the law, Defendants

6  have willfully and repeatedly violated §1681c(g) by printing Prohibited Information on credit card

7  and debit card receipts provided to thousands of consumers.   Based on these violations,

8  Defendants are liable to Plaintiff and the proposed class of other similarly situated consumers,

9  pursuant to 15 U.S.C. §1681n.

10                                    **THE PARTIES**

11          2.      Plaintiff is a resident of the State of California and the County of Santa

12  Clara, and is a "consumer" as defined by §1681a(c) of the Fair Credit Reporting Act (the

13  "FRCA"), as amended by FACTA.  Pursuant to the Federal Rules of Civil Procedure, Plaintiff

14  seeks to represent a nationwide class of consumers, likewise defined by §1681a(c).

15          3.      Defendant Oilily B.V. is a corporation organized under the laws of the

16  Netherlands, whose principal place of business is listed as P.O. Box 8077, NL-1802 KB Alkmaar,

17  Netherlands. Oilily B.V. manufactures and distributes apparel, accessories and personal care

18  products in more than 2000 retail stores in more than 40 countries. Oilily B.V. conducts business

19  in the State of California, in this district, and throughout the United States, and is a person that

20  accepts credit cards or debit cards for the transaction of business under the FCRA, pursuant to the

21  definition of a "person" set forth therein.

22          4.      Plaintiff does not know the true names and capacities of Does 1-10,

23  inclusive, whether individual, corporate, association, or otherwise, and therefore, sues these

24  defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to

25  show their true names and capacities when they have been ascertained. Plaintiff is informed and

26  believes, and on the basis of that belief alleges, that each of these Doe defendants was in some

27  manner legally responsible for the events, happenings, injuries, and damages alleged in this

28

1  Complaint.  As used herein, the term Defendants or "Oilily" refers to Oilily B.V. and the Doe

2  defendants.

3  **JURISDICTION AND VENUE**

4         5.       This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and

5  28 U.S.C. §1331.

6         6.       This Court has personal jurisdiction over Oilily B.V. because a substantial

7  portion of the wrongdoing alleged in this Complaint took place in this state, Oilily B.V. is

8  authorized to do business here, Oilily B.V. has sufficient minimum contacts with this state, and/or

9  Oilily B.V. otherwise intentionally avails itself of the markets in this state through the promotion,

10  marketing and sale of its products in this state, to render the exercise of jurisdiction by this Court

11  permissible under traditional notions of fair play and substantial justice.

12         7.       Venue is proper pursuant to 28 U.S.C. §1391(b) because the sole named

13  defendant conducts business throughout this district and because a substantial part of the events

14  and omissions giving rise to the claims occurred in this district, and because there is personal

15  jurisdiction in this district over the sole named defendant.

16  **INTRADISTRICT ASSIGNMENT**

17         8.       Pursuant to the Northern District of California's Local Rules Nos. 3-2 and

18  3-5, Plaintiff requests assignment to the San Francisco Division of the Northern District of

19  California.  A substantial part of the events or omissions that give rise to Plaintiff's claims

20  occurred in San Francisco County.

21  **FACTUAL BACKGROUND**

22         9.       Section 1681c(g), by its express terms, became effective on December 4,

23  2004 with respect to "any cash register or other machine or device that electronically prints

24  receipts for credit card or debit card transactions" (collectively referred to herein as "Cash

25  Register" or "Cash Registers") that was "first put into use on or after January 1, 2005."  (For

26  practical purposes, the statute became effective January 1, 2005 with respect to such Cash

27  Registers.)  With respect to Cash Registers that were in use before January 1, 2005, the statute did

28  not become effective until December 4, 2006.  Thus, Congress gave companies that were using

Cash Registers put into use before January 1, 2005 significant additional time to comply with FACTA with respect to those Cash Registers. By contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately.

10. In addition, years ago, VISA, MasterCard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit and debit card information to comply with various state laws, with VISA or MasterCard policies and/or regulations, and/or with FACTA. Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all of these warnings, as well as the requirements of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most business and retail companies in the United States - particularly large, sophisticated entities like Defendants - elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply with the law.

## PLAINTIFF ELIZABETH MCCOY

11. On or about August 1, 2007, Oilily printed the expiration date of Plaintiff's credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and Oilily, at Oilily's store in San Francisco. By doing so, Oilily violated 15 U.S.C. §1681c(g).

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of herself and a class of persons similarly situated (referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(3).

13. Since January 1, 2005, and within the applicable statute of limitations period, Oilily printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Oilily and Class Members. To the extent Oilily did so using Cash Registers that were first put in use on or after January 1, 2005, it violated 15 U.S.C. §1681c(g).

14.     On or after December 4, 2006, Oilily printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Oilily and the Class Members. Each and every such receipt violated 15 U.S.C. §1681c(g), irrespective of when the Cash Register was put into use.

15.     Oilily's violations, as alleged herein, were not an accident or an isolated oversight. Rather, Oilily knowingly and intentionally continued to use Cash Registers that were not programmed to, or otherwise did not, comply with §1681c(g). Oilily knew that its receipt-printing practice violated the rights of consumers under FACTA, or at a minimum, recklessly disregarded whether its practice contravened consumers' rights and the law. Oilily ignored the law, thereby placing Plaintiff and similarly situated customers at greater risk of identity theft.

16.     Class Definition. Plaintiff seeks to represent a class of Oilily customers (the "Class"), defined as follows:

> All persons in the United States of America to whom Oilily provided at the point of sale or transaction an electronically-printed receipt on which Oilily printed more than the last five digits of the number of the credit card or debit card used in the transaction, or on which Oilily printed the expiration date of the credit or debit card used in the transaction, during the time periods provided by 15 U.S.C. §1681c(g).

17.     Excluded from the Class are: (1) Oilily and its subsidiaries, affiliates, officers and directors; (2) any entity in which Oilily or any other excluded entity has a controlling interest; (3) Oilily's legal representatives, predecessors, successors, assigns and employees; and (4) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

18.     The members of the proposed Class (the "Class Members") can be ascertained from Oilily's records or from information readily accessible to Oilily. Notice can be sent to the Class Members by mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

19.     This action is brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

20.    Numerosity Under Rule 23(a)(1). The Class Members are so numerous that joinder of all of them is impracticable. Plaintiff believes and thereon alleges that the size of the Class exceeds 1,000 persons.

21.    Commonality Under Rule 23(a)(2). This action involves common questions of law and fact, including, but not limited to, the following:

a.    Whether Defendants printed Prohibited Information on credit card or debit card receipts in violation of FACTA;

b.    Whether Defendants' conduct constituted willful noncompliance with FACTA;

c.    Whether Class Members are entitled to recover statutory damages, punitive damages or attorney's fees.

22.    Typicality Under Rule 23(a)(3). Plaintiff's claims are typical of (and not antagonistic to) the claims of the Class Members. Plaintiff and the other Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other Class Members are based on the same legal theories.

23.    Adequacy of Representation Under Rule 23(a)(4). Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the Class, and Plaintiff has no interest adverse to the interests of the Class. Plaintiff's attorneys are experienced class action attorneys, will fully and adequately represent and protect the Class, and are ready, willing and able to do so.

24.    The Class Can Be Properly Maintained Under Rules 23(b)(1) and (c). The unlawful practices of Defendants alleged herein constitute a course of conduct common to Class Members. Prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of individual Class Members to protect their interests.

25.    The Class Can Be Properly Maintained Under Rules 23(b)(3) and (c). Questions of law common to the members of the Class predominate over any questions affecting

1  only individual members with respect to some or all issues presented in this Complaint.  A class

2  action is superior to other available methods for the fair and efficient adjudication of this

3  controversy.  Individual litigation of the claims of all Class Members is impracticable because the

4  cost of litigation would be prohibitively expensive for each Class Member, and would impose an

5  immense burden upon the courts.  Individualized litigation would also present the potential for

6  varying, inconsistent or contradictory judgments and would increase the delay and expense to all

7  parties and to the court sys tem resulting from multiple trials of the same complex factual issues.

8  By contrast, the conduct of this action as a class action, with respect to some or all of the issues

9  presented in this Complaint, presents fewer management difficulties, conserves the resources of

10  the parties and of the court system, and is the only means to protect the rights of all Class

11  Members.

12  ### CLAIM FOR RELIEF

13  **(Against All Defendants For Willful Noncompliance with 15 U.S.C. §1681 et seq.)**

14          26.    Plaintiff, on behalf of herself and the Class, realleges and incorporates, as if

15  fully alleged herein, each of the allegations contained in the preceding paragraphs of this

16  Complaint, and further alleges as follows:

17          27.    During the relevant time period, as alleged above, Oilily intentionally,

18  repeatedly and systematically printed statutorily Prohibited Information (i.e., the expiration date of

19  a consumer's credit card or debit card and/or more than the last five digits of a consumer's credit

20  card or debit card number) on receipts it provided at the point of a sale or transaction to

21  consumers, including Plaintiff and Class Members, in violation of 15 U.S.C. §1681c(g).

22          28.    Plaintiff believes and thereon alleges that Oilily's conduct was pursuant to

23  Oilily's policies, routine practices, procedures and customs for electronically printing receipts, at

24  least with respect to certain stores and/or Cash Registers which inexcusably failed to comply with

25  the law.  Defendant knew or recklessly disregarded that its use of Cash Registers that did not

26  comply with the law, and that its printing of Prohibited Information on customers' receipts, was in

27  contravention of Plaintiff's and Class Members' rights.  As such, Defendant's violations of the

28

CLASS ACTION COMPLAINT                                7

FCRA and FACTA, as alleged by Plaintiff on behalf of herself and Class Members, were "willful" for purposes of the FCRA and FACTA.

29.    As a result of Defendant's willful violation of §1681c(g), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C. §1681n of not less than $100 and not more than $1,000 for each violation by Defendant.

30.    Plaintiff and Class Members also were exposed to at least an increased risk of identity theft by reason of Defendant's conduct. However, Plaintiff does not seek to quantify or recover actual damages in this case, either for herself of the Class Members. That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest statutory damages without proof of injury. Any Class Members who suffered substantial actual damages due to identity theft or other damages resulting form the violations alleged above will be entitled to opt out of this action, should they so desire, and litigate their claims independently.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and the Class, requests that the Court order the following relief and enter judgment against Oilily B.V. as follows:

A.    An order certifying the proposed members of the Class and appointing Plaintiff and her counsel of record to represent the Class;

B.    A judgment awarding Plaintiff and members of the Class statutory damages under 15 U.S.C. §1681n for each willful violation as alleged herein;

C.    A judgment awarding Plaintiff and members of the Class punitive damages under 15 U.S.C. §1681n;

D.    Pre-judgment and post-judgment interest as permitted by law;

E.    Attorneys' fees, expenses and the costs of this action;

F.    All other and further relief as the Court deems necessary, just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all issues so triable under the law.

Dated: September __, 2007

Respectfully submitted,

Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008

By: _____
    Pierce Gore

J. Brandon McWherter
Charles L. Holliday
Clinton H. Scott
SPRAGINS BARNETT & COBB, PLC
312 E. Lafayette Street
P.O. Box 2004
Jackson, TN 38302
(731) 424-0461
(731) 424-0562 (fax)

Justin S. Gilbert
GILBERT & RUSSELL, PLC
2021 Greystone Dr.
Jackson, TN 38305
(731) 664-1340
(731) 664-1540 (fax)

Don Barrett
David McMullan
DON BARRETT, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)

Charles Barrett
BARRETT & ASSOCIATES, P.A.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
(615) 515-3395 (fax)

*Attorneys for Plaintiff*

ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-04780-SI

McCoy v. Oilily B.V.
Assigned to: Hon. Susan Illston
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 09/17/2007
Jury Demand: Both
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Elizabeth McCoy**
*individually and on behalf of herself and
all others similarly situated*

represented by **Ben F Pierce Gore**
900 East Hamilton Ave.
Suite 100
Campbell, CA 95008
408-879-7444
Email: piercegore@gorelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Oilily B.V.**

**Defendant**

**Olly's Retail USA, Inc. d/b/a Oilily -
Incorrectly sued as Oilily B.V.**

represented by **Stephanie Anne Sheridan, Esq.**
Sedgwick Detert Moran & Arnold
One Market Plaza, Steuart Tower
8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: stephanie.sheridan@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Neil Westheimer**
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: michael.westheimer@sdma.com
*ATTORNEY TO BE NOTICED*

1

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2007 | 1 | COMPLAINT (Summons issued); against Oilily B.V. ( Filing fee $ 350, receipt number 34611010584.). Filed byElizabeth McCoy. (ys, COURT STAFF) (Filed on 9/17/2007) Additional attachment(s) added on 10/5/2007 (ys, COURT STAFF). (Entered: 09/18/2007) |
| 09/17/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 12/28/2007. Case Management Conference set for 1/4/2008 02:00 PM. (Attachments: # 1 standing orders and cmc order)(ys, COURT STAFF) (Filed on 9/17/2007) (Entered: 09/18/2007) |
| 09/17/2007 | | CASE DESIGNATED for Electronic Filing. (ys, COURT STAFF) (Filed on 9/17/2007) (Entered: 09/18/2007) |
| 09/17/2007 | | Summons Issued as to Oilily B.V.. (ys, COURT STAFF) (Filed on 9/17/2007) (Entered: 09/18/2007) |
| 10/03/2007 | 3 | CLERK'S NOTICE re: Failure to E-File complaint by plaintiff's counsel. (ys, COURT STAFF) (Filed on 10/3/2007) (Entered: 10/03/2007) |
| 11/13/2007 | 4 | STIPULATION *for Extension of Time for Defendant's Response to Plaintiff's Complaint* by Olly's Retail USA, Inc. d/b/a Oilily - Incorrectly sued as Oilily B.V.. (Westheimer, Michael) (Filed on 11/13/2007) (Entered: 11/13/2007) |
| 11/21/2007 | 5 | *DEFENDANT'S* ANSWER to Complaint with DEMAND FOR JURY TRIAL byOlly's Retail USA, Inc. d/b/a Oilily - Incorrectly sued as Oilily B.V.. (Sheridan, Stephanie) (Filed on 11/21/2007) (Entered: 11/21/2007) |
| 11/29/2007 | 6 | CLERK'S NOTICE Case Management Conference set for 1/15/2008 02:30 PM. (ts, COURT STAFF) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 11/29/2007 | | Set Deadlines/Hearings: Case Management Conference set for 1/15/2008 02:30 PM. (ys, COURT STAFF) (Filed on 11/29/2007) (Entered: 11/30/2007) |
| 01/02/2008 | 7 | JOINT CASE MANAGEMENT STATEMENT filed by Olly's Retail USA, Inc. d/b/a Oilily - Incorrectly sued as Oilily B.V.. (Sheridan, Stephanie) (Filed on 1/2/2008) (Entered: 01/02/2008) |
| 01/08/2008 | 8 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/16/2008 | 9 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) (Sheridan, Stephanie) (Filed on 1/16/2008) (Entered: 01/16/2008) |
| 01/17/2008 | 10 | Minute Entry: Initial Case Management Conference held on 1/15/2008 before Illston (Date Filed: 1/17/2008). Case continued to 4/18/08 @ 2:30 p.m. for Further Case Management ConferenceORDERED AFTER HEARING: Defendant will produce its initial disclosures soon.The parties will conduct very limited discovery pending the 9th Circuits ruling on the Soulian case. The parties are also informally discussing settlement.() (ts, COURT STAFF) (Date Filed: 1/17/2008) (Entered: 01/17/2008) |
| 01/17/2008 | | Set Deadlines/Hearings: Case Management Conference set for 4/18/2008 02:30 PM. (ys, COURT STAFF) (Filed on 1/17/2008) (Entered: 01/18/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/21/2008 08:16:24 | | | |
| **PACER Login:** | gl0398 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-04780-SI |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

3

# <u>Exhibit 2</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE A. KLINGENSMITH, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) Civil Action No. |
| | ) |
| | ) CLASS ACTION |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **Electronically Filed** |
| OILILY RETAIL USA d/b/a OILILY, and DOES 1 through 10, inclusive, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## CLASS ACTION COMPLAINT

Comes now Melanie A. Klingensmith, ("Plaintiff") on behalf of herself and all others

similarly situated and alleges as follows:

## INTRODUCTION

1.      In 2003, Congress passed and the President signed, the Fair and Accurate Credit

Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card

fraud. In the statement provided by the President during the signing of the bill, the President

declared that:

> This bill also confronts the problem of identity theft. A growing number of
> Americans are victimized by criminals who assume their identities and cause
> havoc in their financial affairs. With this legislation, the Federal Government is
> protecting our citizens by taking the offensive against identity theft.

2.      A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit

Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business
> shall print more than the last five digits of the card number or the expiration date
> upon any receipt provided to the cardholder at the point of sale or transaction.

1

3.    The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although Defendants (defined below) had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.    Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§1681 *et seq.*

5.    Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§1681 *et seq.*

## JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7.    Plaintiff's claims asserted herein arose in this judicial district and Defendants do business in this judicial district.

8.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

9.    Plaintiff, Melanie A. Klingensmith, is and at all times relevant hereto was a resident of the Commonwealth of Pennsylvania, County of Lawrence.

2

10.    Defendant Oilily Retail USA d/b/a Oilily is a company headquartered at 103 Forest Avenue, River Forest, Illinois 60305. "Defendant" means Oilily Retail USA d/b/a Oilily and defendants Does 1 through 10. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

11.    Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the franchisor, franchisee, principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## INDUSTRY KNOWLEDGE REGARDING THE TRUNCATION OF EXPIRATION DATES

13.    In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

14.    On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with

3

Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's

new account truncation program to protect consumers from identity theft. At the press

conference, Mr. Pascarella stated:

> "Today, I am proud to announce an additional measure to combat
> identity theft and protect consumers. Our new receipt truncation
> policy will soon limit cardholder information on receipts to the last
> four digits of their accounts. *The card's expiration date will be
> eliminated from receipts altogether* . . . .

> "The first phase of this new policy goes into effect July 1, 2003 for all
> new terminals. I would like to add, however, that even before this policy
> goes into effect, many merchants have already voluntarily begun
> truncating receipts, thanks to the groundwork that we began together
> several years ago.

> \*    \*    \*    \*

> "Visa USA is pleased to be working with Senator Feinstein, and the other
> senators here today in the fight to protect consumers from identity theft.
> After all, we share the same goals."

On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of

Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the

truncation requirements of what ultimately became FACTA. Therein, Mr. Fischer stated:

> "Although Visa generally believes that the details of preventing identity
> theft should be left to financial institutions that are best suited to address
> ever evolving fraud techniques, Title II could provide important benefits
> to consumers and financial institutions alike by establishing workable
> identity theft provisions and ensuring that these provisions benefit from
> national uniformity. For example, Section 203 of Title II would prohibit
> any merchant or other entity that accepts credit and debit cards from
> printing more than the last four digits of the card account number *or the
> expiration date* upon receipts provided to cardholders at the point of sale
> . . . ."

15.    Visa USA's agreements with the American merchants which accept Visa

brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants,

Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa

4

Merchant Rules Manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

> "Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.
>
> After July 1, 2006, *the expiration date should not appear at all.* Existing POS terminals must comply with these requirements by July 1, 2006 . . . . "

16.　　The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

17.　　The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible, *inter alia*, for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution. The February 2006 Edition of the Handbook states, in relevant part:

> **Truncation of Credit and Debit Card Account Numbers**
>
> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number *and do not contain the expiration dates.*

18.　　FACTA's requirement that merchants truncate credit and debit card expiration dates was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

19.　　Many restaurant and retail trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

20.     In May, 2007 the Federal Trade Commission issued a business alert entitled "Slip

Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on

Receipts." That alert stated in relevant part:

> "According to the federal Fair and Accurate Credit Transaction Act (FACTA), the
> electronically printed credit and debit card receipts you give your customers must
> shorten  or truncate – the account information.  You may include no more than
> the last five digits of the card number, and you must delete the card's expiration
> date."

## DEFENDANTS' KNOWLEDGE OF FACTA'S
## TRUNCATION REQUIREMENTS

21.     Defendant had actual knowledge of Visa's truncation requirements, specifically

including the requirement that credit and debit card expiration dates be truncated on receipts

presented to consumers at the point of sale.  Defendant had a contractual obligation to adhere to

these truncation requirements.

22.     Defendant had actual knowledge of FACTA's truncation requirements,

specifically including the requirement that credit and debit card expiration dates be truncated on

receipts presented to consumers at the point of sale and was provided with notice of these

obligations by trade associations and others.

## THE IMPORTANCE OF TRUNCATING EXPIRATION DATES

23.     Truncation standards, including the standards reflected in the Visa Merchant

Rules and in FACTA, permit the publication of the last four or five digits of customer account

numbers on the receipt presented to customers at the point of sale.  The publication of this

minimal amount of account information is necessary to facilitate merchant account

reconciliation, processing of returns, etc.  In isolation, the publication of *only* the last four or five

digits of a customer account number significantly limits the extent to which a potential identity

6

thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

24.    However, the publication of expiration dates on customer receipts disseminated at the point of sale, *in addition to* the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

25.    Contrary to popular perception, credit and debit card account numbers are not randomly generated. Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following: (a) a single digit Major Industry Identifier("MII"); (b) an issuer identification number ("IIN"); (c) an account number; and, (d) a check digit.

26.    The MII identifies the industry of the issuer of the card.

27.    The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

28.    The account number consists of the seventh through next to last digit, and must be a maximum of 12 digits.

29.    The last digit is a "check digit" that is not randomly assigned, but instead is calculated by a defined algorithm. Therefore, the "check digit" is derivative of the other numbers in the credit card number.

30.    Astute identity thieves are familiar with this coding paradigm and can use sophisticated mathematical modeling to decipher account numbers.

31.    To the extent that an identity thief is able to decipher a credit or debit card user's

7

account number, the importance of truncating expiration dates becomes manifest. That is, unlike the account number on the credit or debit card, the expiration date cannot be deciphered through sophisticated mathematical modeling. Therefore, the expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized user of the card.

32.    The expiration dates are also used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

33.    Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

34.    In addition, a would be identity thief who steals a receipt containing the last four or five digits of a credit card account number *and* an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

35.    The costs of truncating credit and/or expiration dates and account numbers is *de minimis*.

## CLASS ALLEGATIONS

36.    Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

37.    Plaintiff seeks to represent a class persons to be defined as follows:

With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005:  all persons to whom Defendants provided an

8

electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendants printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number; and/or

With respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005: all persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendants printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number.

38.    Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

39.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

40.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

41.    Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website

notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

42.    Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

43.    Plaintiff and members of the class were each customers of Defendants, each having made a purchase or transacted other business with Defendants at an applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of the class, Defendants provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. §1681c(g).

44.    Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

45.    The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a.    Whether Defendants' conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereon Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§1681 et seq.;

b.    Whether Defendants' conduct was willful;

c.    Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct;

10

46.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

47.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

48.     **Disavowal of Unconstitutional Damages.**  To the extent that any award of class-based statutory damages against Defendants might be adjudicated as violating Defendants' Due Process Rights under the United States Constitution, Plaintiff, on behalf of the putative class she

11

is seeking to represent, expressly requests damages **only** to the fullest extent allowed under the Constitution of the United States.

### FIRST CAUSE OF ACTION

**For Violation of 15 U.S.C. §§1681 *et seq.***

**(On Behalf of Plaintiff and the Members of the Class)**

49.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

50.     Plaintiff asserts this claim on behalf of herself and the class against Defendants.

51.     Title 15 U.S.C. §1681c(g)(1) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number __or__ the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

52.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

53.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

54.     Defendants transact business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

55.     On September 1, 2007, after the effective date of the statute, Defendant, at its

12

location at 160 North Gulph Road, King of Prussia, Pennsylvania 19406, provided Plaintiff with

an electronically printed receipt on which Defendant printed the expiration date of Plaintiff's

credit or debit card.

56.    Defendants, at the point of a sale or transaction with members of the class,

provided, either: a) through use of a machine that was first put into use on or after January 1,

2005, at any time after such date; or b) through any machine at any time after December 4, 2006,

each member of the class with one or more electronically printed receipts on each of which

Defendants printed, for each respective class member, more than the last five digits of such

member's credit card or debit card number and/or printed the expiration date of such member's

credit or debit card.

57.    As set forth above, FACTA was enacted in 2003 and gave merchants who accept

credit card and/or debit cards up to three years to comply with its requirements, requiring

compliance for all machines no later than December 4, 2006.

58.    Defendants knew of, or should have known of, and were informed about the law,

including specifically FACTA's requirements concerning the truncation of credit and debit card

numbers and prohibition on printing of expiration dates.

59.    Despite knowing and being repeatedly informed about FACTA and the

importance of truncating credit card and debit card numbers and preventing the printing of

expiration dates on receipts, and despite having had up to more than three years to comply with

FACTA's requirements, Defendants willfully violated and continue to violate FACTA's

requirements by, *inter alia*, printing more than five digits of the card number and/or the

expiration date upon the receipts provided to members of the class – persons with whom

Defendants transact business.

13

60.    Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

61.    In contrast, Defendants willfully disregarded FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation of FACTA.

62.    Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

63.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

64.    As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

65.    As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.    An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

14

b.     An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

c.     An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. §1681n(a)(2)(up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

e.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

f.     For other and further relief as the Court may deem proper.

Dated: October 15, 2007

Respectfully Submitted,

Gary F. Lynch
PA56887
glynch@carlsonlynch.com
CARLSON LYNCH LTD.
PO Box 7635
36 North Jefferson Street
New Castle, PA 16107
(724) 656-1555
(724) 656-1556(f)

SPECIAL

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-04321-JF

KLINGENSMITH v. OILILY RETAIL USA et al          Date Filed: 10/16/2007
Assigned to: HONORABLE JOHN P. FULLAM           Jury Demand: Plaintiff
Cause: 15:1681 Fair Credit Reporting Act         Nature of Suit: 480 Consumer Credit
                                                 Jurisdiction: Federal Question

**Plaintiff**

**MELANIE A. KLINGENSMITH**          represented by   **GARY F. LYNCH**
*INDIVIDUALLY AND ON BEHALF OF*                    CARLSON LYNCH LTD
*ALL OTHERS SIMILARLY SITUATED*                    36 N. JEFFERSON STREET
                                                   P.O. BOX 7635
                                                   NEW CASTLE, PA 16107
                                                   724-656-1555
                                                   Fax: 724-656-1556
                                                   Email: glynch@carlsonlynch.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**OILILY RETAIL USA**
*doing business as*
OILILY

**Defendant**

**DOES**
*1 THROUGH 10, INCLUSIVE*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2007 | 1 | COMPLAINT against OILILY RETAIL USA, DOES ( Filing fee $ 350 receipt number 942979.), filed by MELANIE A. KLINGENSMITH. (Attachments: # 1 Civil Cover Sheet # 2 Designation Form# 3 Case Management Track)(ti, ) (Entered: 10/17/2007) |
| 10/16/2007 | | Summons Issued as to OILILY RETAIL USA. One Original Forwarded To: Counsel on 10/17/07 (ti, ) (Entered: 10/17/2007) |
| 10/16/2007 | | DEMAND for Trial by Jury by MELANIE A. KLINGENSMITH. (ti, ) (Entered: 10/17/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/21/2008 11:18:46 | | | |
| **PACER Login:** | gl0398 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-04321-JF |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

2

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Oilily FACTA Litigation    MDL  No._____

## SCHEDULE OF ACTIONS

| CASE CAPTION | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| Elizabeth McCoy v. Oilily B.V. | N.D. California (San Francisco) | 3:07-cv-04780 | Susan Illston |
| Melanie A. Klingensmith v. Oilily Retail USA d/b/a Oilily | E.D. Pennsylvania (Philadelphia) | 2:07-cv-04321 | John P. Fullman |

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Oilily FACTA Litigation      MDL  No._____

**PROOF OF SERVICE**

I hereby certify that an original, 4 paper copies, and an electronic copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by Overnight Mail on January 22, 2008, to the following:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by First Class Mail on January 22, 2008, to the following:

Office of the Clerk of Court
United States District Court for the Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

Office of the Clerk of Court
United States District Court for the Eastern District of Pennsylvania
Philadelphia Division

601 Market Street
Room 2609
Philadelphia, PA 19106-1797


Pierce Gore
**Gore Law Firm**
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008
**Counsel for Plaintiff Elizabeth McCoy, N.D. California, No. 3:07-cv-04780**


J. Brandon McWherter
Charles L. Holliday
Clinton H. Scott
**Spragins Barnett & Cobb, PLC**
312 E. Lafayette Street
P.O. Box 2004
Jackson, TN 38302
**Counsel for Plaintiff Elizabeth McCoy, N.D. California, No. 3:07-cv-04780**


Justin S. Gilbert
**Gilbert & Russell, PC**
2021 Greystone Drive
Jackson, TN 38305
**Counsel for Plaintiff Elizabeth McCoy, N.D. California, No. 3:07-cv-04780**


Don Barrett
David McMullan
**Don Barret, P.A.**
404 Court Square North
P.O. Box 987
Lexington, MS 39095
**Counsel for Plaintiff Elizabeth McCoy, N.D. California, No. 3:07-cv-04780**


Charles Barrett
**Barrett & Associates, P.A.**
6518 Highway 100
Suite 210
Nashville, TN 37205
**Counsel for Plaintiff Elizabeth McCoy, N.D. California, No. 3:07-cv-04780**

Oilily Retail USA
103 Forest Avenue
River Forest, IL 60305
**Defendant, E.D. Pennsylvania, No. 2:07-cv-04321**

Stephanie Anne Sheridan
Michael Neil Westheimer
**Sedgwick Detert Moran & Arnold LLP**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
**Counsel for Defendant Olly's Retail USA, Inc. d/b/a Oilily (Incorrectly sued as Oilily B.V.),
N.D. California, No. 3:07-cv-04780**

Gary F. Lynch
PA I.D. 56887
glynch@carlsonlynch.com
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(P) (724) 656-1555
(F) (724) 656-1556

**Counsel for Plaintiff Melanie A. Klingensmith**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELANIE A. KLINGENSMITH, | ) | |
| individually and on behalf of all others | ) | Civil Action No.2:07-cv-04321 |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable John P. Fullam |
| v. | ) | |
| | ) | |
| OILILY RETAIL USA, d/b/a OILILY, | ) | |
| and DOES 1 through 10, inclusive, | ) | **Electronically Filed** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>AFFIDAVIT OF SERVICE</u>

I, Gary F. Lynch, hereby declare as follows:

On November 6, 2007, Defendant Oilily Retail USA, d/b/a Oilily was served by Process Server with the original summons and a copy of the complaint in the above captioned case at its corporate headquarters located at 103 Forest Avenue, River Forest, Illinois 60305, in accordance with Fed.R.Civ.P. 4(h)(1)(A). A copy of the executed Return of Service is attached hereto as Exhibit 1.

Respectfully submitted, this 13th day of February, 2008.

/s/ Gary F. Lynch_____

Gary F. Lynch, Esquire
PA ID 56887
glynch@carlsonlynch.com

CARLSON LYNCH LTD
36 N. Jefferson Street
PO Box 7635
New Castle, PA  16107
(P) 724-656-1555
(F) 724-656-1556

# Exhibit 1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 10/6/07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Jason E. Laning | Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify): Corporate Serve: I served Oilily Retail USA by Serving Jamie Owen as Managing Buyer

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  11/7/07
_____
Date

_____
Signature of Server

1042 Maple Ave # 150 Lisle IL 60532
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELANIE A. KLINGENSMITH, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>      v.<br><br>OILILY RETAIL USA d/b/a/ OILILY and DOES 1 through 10, inclusive,<br><br>       Defendant. | Case No. 2:07-CV-04321-JF<br><br>Honorable John P. Fullam |

**STIPULATION FOR EXTENSION OF TIME FOR
DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT**

Pursuant to Eastern District of Pennsylvania Local Rule 7.4(b) and Judge Fullam's Standing Orders, Defendant OILILY RETAIL USA ("Defendant") and Plaintiff MELANIE A. KLINGENSMITH ("Plaintiff"), by and through their attorneys, hereby stipulate and agree to an extension of time for Defendant to respond to Plaintiff's Complaint. In this matter, Plaintiff's motion to centralize the action with a related case in the United States District Court for the Northern District of California is currently pending before the Multidistrict Litigation Panel, and is scheduled for hearing on March 27, 2008. Defendant and Plaintiff stipulate and agree that Defendant's responsive pleading will be due, presumably in the Northern District of California, on or before the sixtieth day following the date on which the Multidistrict Litigation Panel issues its ruling.

    There have been no prior extensions of time.

    IT IS SO AGREED AND STIPULATED.

DATED: February 14 2008.       CARLSON LYNCH LTD

                                     By:____/s/__(Authorized 02.14.08)_____
                                       Gary F. Lynch
                                       Attorneys for Plaintiff
                                       MELANIE A. KLINGENSMITH

1.

DATED:  February 14 2008.                SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                          By _____/s/_____
                                              Stephanie Sheridan
                                              Alison Williams
                                              Attorneys for Defendant
                                              OILILY RETAIL USA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELANIE A. KLINGENSMITH,
individually and on behalf of all others
similarly situated,

        Plaintiff,

   v.

OILILY RETAIL USA d/b/a/ OILILY and
DOES 1 through 10, inclusive,

        Defendant.

Case No. 2:07-CV-04321-JF

Honorable John P. Fullam

## STIPULATION FOR EXTENSION OF TIME FOR
## DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT

      Pursuant to Eastern District of Pennsylvania Local Rule 7.4(b) and Judge Fullam's Standing Orders, Defendant OILILY RETAIL USA ("Defendant") and Plaintiff MELANIE A. KLINGENSMITH ("Plaintiff"), by and through their attorneys, hereby stipulate and agree to an extension of time for Defendant to respond to Plaintiff's Complaint. In this matter, Plaintiff's motion to centralize the action with a related case in the United States District Court for the Northern District of California is currently pending before the Multidistrict Litigation Panel, and is scheduled for hearing on March 27, 2008. Defendant and Plaintiff stipulate and agree that Defendant's responsive pleading will be due, presumably in the Northern District of California, on or before the sixtieth day following the date on which the Multidistrict Litigation Panel issues its ruling.

      There have been no prior extensions of time.

      IT IS SO AGREED AND STIPULATED.

DATED: February 14 2008.      CARLSON LYNCH LTD

                  By:___/s/ (Authorized 02.14.08)_____
                    Gary F. Lynch
                    Attorneys for Plaintiff
                    MELANIE A. KLINGENSMITH

1.

DATED:  February 14 2008.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By _____/s/_____

Stephanie Sheridan
Alison Williams
Attorneys for Defendant
OILILY RETAIL USA

APPROVED + SO ORDERED:

2/11/08

John S. Fullam

Fullam, SR. J.

2-19-08- FAXED BY
CHAMBERS TO:
G.J. LYNCH

A CERTIFIED TRUE COPY

ATTEST

By April Layne on Apr 10, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 10, 2008**

FILED
CLERK'S OFFICE

## IN RE: OILILY FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION

| | | |
|---|---|---|
| Elizabeth McCoy v. Oilily B.V., et al., | ) | |
| N.D. California, C.A. No. 3:07-4780 | ) | MDL No. 1939 |
| Melanie A. Klingensmith v. Oilily Retail USA, | ) | |
| E.D. Pennsylvania, C.A. No. 2:07-4321 | ) | |

# FILED

APR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### TRANSFER ORDER

**Before the entire Panel***: Plaintiff in the Eastern District of Pennsylvania action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. No other party to the litigation has responded to the motion.

This litigation currently consists of two actions pending in two districts, one action each in the Northern District of California and the Eastern District of Pennsylvania.

After considering all argument of counsel, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that defendants' printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation, because the first-filed action is pending there and this choice is unopposed.

# FILED

APR 1 5 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

I hereby certify that the annexed
i. .ument is a true and cor.. ..py
c .e original on file in my office.
/ .EST:
   ICHARD W. WIEKING
 ., U.S. District Court
  ..era, District of California
  _____
                    Deputy Clerk
i.      4-10-08

* Judge Scirica did not participate in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Eastern District of Pennsylvania is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Yvonne Illston for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen
Robert L. Miller, Jr.
David R. Hansen

J. Frederick Motz
Kathryn H. Vratil
Anthony J. Scirica*

CLOSED, SPECIAL

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-04321-JF

KLINGENSMITH v. OILILY RETAIL USA et al

Assigned to: HONORABLE JOHN P. FULLAM

Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 10/16/2007
Date Terminated: 05/01/2008
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**MELANIE A. KLINGENSMITH**
*INDIVIDUALLY AND ON BEHALF OF*
*ALL OTHERS SIMILARLY SITUATED*

represented by **GARY F. LYNCH**
CARLSON LYNCH LTD
36 N. JEFFERSON STREET
P.O. BOX 7635
NEW CASTLE, PA 16107
724-656-1555
Fax: 724-656-1556
Email: glynch@carlsonlynch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**OILILY RETAIL USA**
*doing business as*
OILILY

**Defendant**

**DOES**
*1 THROUGH 10, INCLUSIVE*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2007 | 1 | COMPLAINT against OILILY RETAIL USA, DOES ( Filing fee $ 350 receipt number 942979.), filed by MELANIE A. KLINGENSMITH. (Attachments: # 1 Civil Cover Sheet # 2 Designation Form# 3 Case Management Track)(ti, ) (Entered: 10/17/2007) |
| 10/16/2007 | | Summons Issued as to OILILY RETAIL USA. One Original Forwarded To: Counsel on 10/17/07 (ti, ) (Entered: 10/17/2007) |

| 10/16/2007 | | DEMAND for Trial by Jury by MELANIE A. KLINGENSMITH. (ti, ) (Entered: 10/17/2007) |
|---|---|---|
| 01/29/2008 | 2 | Copy Re: Documents (Motion to Centralize Pursuant to 28 U.S.C. 1407, Exhibits, Proof of Service) Filed Before the Judicial Panel on Multidistrict Litigation Regarding In Re: Oilily FACTA Litigation. (tjd) (Entered: 01/30/2008) |
| 02/13/2008 | 3 | AFFIDAVIT of Service upon Jamie Owen on behalf of DEFENDANT OILILY RETAIL USA by Personal Service on 11/6/07 (Attachments: # 1 Exhibit 1) (LYNCH, GARY) Modified on 2/19/2008 (nd). (Entered: 02/13/2008) |
| 02/15/2008 | 4 | Joint Stipulation for Extension of Time to File Answer filed by MELANIE A. KLINGENSMITH, OILILY RETAIL USA..(LYNCH, GARY) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO CLERK/JUDGE FOR APPROVAL) Modified on 2/19/2008 (nd). (Entered: 02/15/2008) |
| 02/19/2008 | 5 | STIPULATION AND ORDER THAT THE TIME FOR THE DEFENDANT TO RESPOND TO THE COMPLAINT IS EXTENDED AS OUTLINED IN THIS ORDER. SIGNED BY HONORABLE JOHN P. FULLAM ON 2/19/08. 2/20/08 ENTERED AND COPIES E-MAILED AND FAXED.(stb, ) (Entered: 02/20/2008) |
| 04/15/2008 | 6 | ORDER THAT PURSUANT TO 28 U.S.C. 1407, THE ACTION PENDING IN THE EASTERN DISTRICT OF PENNSYLVANIA IS TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA AND, WITH THE CONSENT OF THAT COURT, ASSIGNED TO THE HONORABLE SUSAN YVONNE ILLSTON FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS WITH THE ACTION PENDING THERE. (rf, ) (Entered: 04/15/2008) |
| 04/16/2008 | | Original record transferred to the Northern District of California via interdistrict transfer system. (MDL 1939) (le, ) (Entered: 04/16/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/23/2008 12:27:05 | | | |
| PACER Login: | us4077 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-04321-JF |
| Billable Pages: | 1 | Cost: | 0.08 |